UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID GIAMBRA,

      Plaintiff,

vs.                                                Case No. 8:08-cv-2016-T-27EAJ

WENDY'S INTERNATIONAL, INC., d/b/a
WENDY'S,

      Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss (Dkt. 4), to which Plaintiff has responded in opposition (Dkt. 7). Upon consideration, Defendant's motion is GRANTED.

### *Background*

In this negligence action, Plaintiff alleges that a Wendy's employee, Domilio Cruz, attacked him while he was riding his bicycle in front of a Wendy's store. (Dkt. 2, ¶ 7). Plaintiff alleges that Cruz mistook Plaintiff for a participant in a robbery that had just occurred at the store. (Dkt. 2, ¶ 9). Plaintiff alleges that Cruz "struck the plaintiff with his fists and feet causing the Plaintiff to fall off the bicycle and tumble violently onto Tampa Road, a busy thoroughfare," causing permanent injuries. (Dkt. 2, ¶ 7). Plaintiff alleges that the attack did not abate until another Wendy's employee informed Cruz that Plaintiff was not one of the perpetrators. (Dkt. 2, ¶ 8). Plaintiff brings claims for negligence (Count I) and negligent hiring and retention (Count II). Defendant moves to dismiss both claims.

*Standard*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Id.* at 1964-65. A conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Id.* at 1965 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Discussion*

1.   *Count I - Negligence*

In Count I, which is styled as a claim for "Negligence," Plaintiff alleges that Defendant owed a duty to Plaintiff to use "reasonable care in hiring, supervising, and monitoring the actions and conduct" of Cruz. (Dkt. 2, ¶ 18). Defendant argues that Plaintiff cannot state a negligence claim against Defendant, as it owed no duty to Plaintiff, a mere passerby. Plaintiff argues that Defendant is vicariously liable for Cruz's alleged negligence.

Despite Plaintiff's assertions in the response in opposition, the Complaint does not allege that Defendant is vicariously liable for Cruz' conduct. (*See* Dkt. 2, ¶¶ 15-21). Rather, Plaintiff alleges negligent hiring, supervision, and retention, which appears duplicative of the negligent hiring and

retention claim in Count II. To the extent Plaintiff is attempting to allege simple negligence, Plaintiff has not plead any facts which demonstrate that Defendant owed a duty to Plaintiff, a passerby. Count I is therefore dismissed without prejudice.

2. *Count II - Negligent hiring and retention*

In Count II, Plaintiff alleges that he suffered damages by Defendant's negligent hiring and retention of Cruz. To state a claim for negligent hiring, Plaintiff must allege that:

> (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known.
> *Malicki v. Doe*, 814 So. 2d 347, 362 (Fla. 2002).

While negligent hiring focuses on the pre-employment investigation, negligent retention "occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Garcia v. Duffy*, 492 So. 2d 435, 438-39 (Fla. 2d DCA 1986). Both claims "allow[] for recovery against an employer for acts of an employee committed outside the scope and course of employment." *Id.* at 438-39.

With respect to Count II, Defendant argues that Plaintiff has not adequately pled that Defendant had a duty toward Plaintiff. The Complaint alleges:

> 26. Defendant knew or should have known, either at the time of hiring, or alternatively, during the course of the his [sic] employment, that Domilio Cruz was not mentally, emotionally, behaviorally [sic] suited to work in an occupation that interacts directly with store patrons or, members of the general public.
> 27. Defendant, had been previously placed on notice of Domilio Cruz's unsuitable mental, emotional or behavioral condition prior to the incident that caused bodily injuries to Plaintiff.
> (Dkt. 2, ¶¶ 26-27).

3

Plaintiff argues that these allegations are sufficient to survive a motion to dismiss, as more detailed facts supporting the elements will only be revealed in discovery.

The Court disagrees. "[P]laintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee." *Willis v. Dade County Sch. Bd.*, 411 So. 2d 245, 246 n.1 (Fla. 3d DCA 1982). Plaintiff's allegations are a conclusory recitation of the elements of a negligent hiring and retention claim. Count II is therefore dismissed without prejudice.

### *Conclusion*

Upon consideration, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 4) is **GRANTED** and Plaintiff's claims are dismissed without prejudice. Plaintiff is granted leave to file an Amended Complaint within **twenty (20) days** of the date of this Order.

**DONE AND ORDERED** in chambers this 18th day of December, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record