UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID GIAMBRA,

    Plaintiff,

vs.                                          Case No. 8:08-cv-2016-T-27EAJ

WENDY'S INTERNATIONAL, INC., d/b/a
WENDY'S,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 21), to which Plaintiff has responded in opposition (Dkt. 24). Upon consideration, Defendant's motion is GRANTED IN PART.

*Background*

In this action, Plaintiff alleges that an employee of Defendant Wendy's International, Inc., Domilio Cruz, attacked Plaintiff while he was riding his bicycle in front of a Wendy's store. Plaintiff alleges that Cruz mistook Plaintiff for a participant in a robbery that had just occurred at the store. (Am. Comp., Dkt. 16, ¶ 16). According to Plaintiff, the store manager, Zonia Trujillo, ordered Cruz to "go out of the restaurant and stop the robbers." (Dkt. 16, ¶¶ 12-13). When Cruz ran out of the restaurant, he believed that he witnessed communication between Plaintiff, who was riding his bicycle through the Wendy's driveway, and the robbers in their getaway vehicle. (Dkt. 16, ¶ 15). Plaintiff alleges that Cruz knocked Plaintiff off his bicycle and "began to strike the Plaintiff repeatedly with his fists and feet causing the Plaintiff to fall off the bicycle and tumble violently onto

1

Tampa Road, a busy thoroughfare," causing permanent injuries. (Dkt. 16, ¶¶ 15, 17). Plaintiff alleges that the attack did not abate until Trujillo informed Cruz that Plaintiff was not one of the robbers. (Dkt. 16, ¶ 18).

Plaintiff originally asserted negligence and negligent hiring and retention claims against Defendant. This Court dismissed the claims without prejudice, noting that Plaintiff failed to allege facts indicating that Defendant owed a duty to Plaintiff under a general negligence theory, and failed to allege facts indicating that Defendant was on notice of Cruz' alleged propensities sufficient to state claims for negligent hiring and retention. (Dkt. 9). Plaintiff filed the instant Amended Complaint, alleging claims for negligent supervision (Count One), respondeat superior (Counts Two and Three), negligent retention (Count Four), and false imprisonment (Count Five). Defendant moves to dismiss all claims.

*Standard*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). A conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* at 1950. A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).

2

*Discussion*

*1.    Respondeat superior - Cruz (Count Two)*

In Count Two, Plaintiff brings a respondeat superior claim based on the conduct of Cruz. When an employee's acts are committed within the scope or course of his employment, an employer may be liable under the doctrine of respondeat superior. *Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986). "An action falls within the scope of employment if the conduct: (1) is of the kind the employee was employed to perform; (2) occurred within the time and space limits of the employee's employment; and (3) was activated at least in part by a purpose to serve the employment." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009) (applying Florida law).

Although not specifically stated, Count Two appears to allege a vicarious liability claim based on Cruz' negligent attack on Plaintiff. (Dkt. 16, ¶ 47). Based on Plaintiff's allegation that Trujillo ordered Plaintiff to stop the robbers, and that the alleged incident took place in front of Defendant's store, Plaintiff has made sufficient allegations that Cruz' conduct occurred within the time and space limits of his employment and was motivated in part to serve Defendant. *See Columbia By the Sea, Inc. v. Petty*, 157 So. 2d 190, 191 (Fla. 2d DCA 1963) (finding that maitre d's assault of patron with ash tray was arguably in scope of conduct where maitre d' followed plaintiff out of restaurant to dispute his failure to pay an extra charge); *Forster v. Red Top Sedan Serv., Inc.*, 257 So. 2d 95, 97 (Fla. 3d DCA 1972) (finding issue of fact where bus driver ran plaintiffs' vehicle off the road and assaulted and battered plaintiffs "because he believed they had delayed him in the performance of his duties"); *Montadas v. Dade Scrap Iron and Metal, Inc.*, 666 So. 2d 1054, 1055 (Fla. 3d DCA 1996); *Perez v. Zazo*, 498 So. 2d 463, 465 (Fla. 3d DCA 1986) (noting that

relationship found between the employee's wrong and the employer's interest has been "attenuated" in certain cases.) The motion to dismiss Count Two is therefore denied.

2.   *Respondeat superior - Trujillo (Count Three)*

In Count Three, Plaintiff alleges that Defendant is liable on a respondeat superior theory based on Trujillo's negligent command to Cruz to stop the robbers. (Dkt. 16, ¶ 58). For the reasons set forth with respect to Count Two, Plaintiff has adequately alleged that Trujillo was acting with the scope and course of her employment. In addition, the Court finds that Plaintiff has adequately alleged that he was within the "foreseeable zone of risk" emanating from Trujillo's command, sufficient to allege a duty owed by Trujillo to Plaintiff. *See Kaisner v. Kolb*, 543 So. 2d 732, 735-36 (Fla. 1989) (noting that foreseeability is generally a jury question). The motion to dismiss Count Three is therefore denied.

3.   *Negligent supervision (Count One)*

In Count One, Plaintiff alleges that Defendant is liable for negligent supervision based on Trujillo's supervision of Cruz, specifically, Trujillo's command to Cruz to stop the robbers. (Dkt. 16, ¶¶ 37-38). While negligent supervision is a recognized cause of action,[1] in this case, it is duplicative of the respondeat superior claim in Count Three, as it is based on the same facts regarding Trujillo's alleged negligent command to Cruz. For this reason, Count One is dismissed as duplicative.

---

[1] For instance, a claim for "negligent supervision" may exist based on an employee's negligent supervision of another. *See, e.g., Benton v. Sch. Bd. of Broward County*, 386 So. 2d 831, 834 (Fla. 4th DCA 1980). This tort is, however, essentially based on an ordinary negligence prima facie case, *id.*, which would be duplicative of Count Three in this case. "Negligent supervision" is also used synonymously with "negligent retention." In this case, however, such a claim would be duplicative of the negligent retention claim separately pled in Count Four. *See Dep't of Envtl. Protection v. Hardy*, 907 So. 2d 655, 660 (Fla. 5th DCA 2005) (applying negligent retention standard to negligent supervision claim).

*4.    Negligent retention (Count Four)*

In Count Four, Plaintiff alleges that he suffered damages due to Defendant's negligent retention of Cruz. A negligent retention claim differs from respondeat superior liability as it allows for recovery against an employer for acts committed outside the scope and course of employment. *Watson v. City of Hialeah,* 552 So.2d 1146, 1149 (Fla. 3d DCA 1989). Negligent retention "occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Garcia,* 492 So. 2d at 438-39. In order to demonstrate that an employer breached its duty of care, Plaintiff "must allege facts sufficient to show that once an employer received actual or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action." *Hardy,* 907 So. 2d at 660. In order to demonstrate proximate cause, "there must be a connection and foreseeability between the employee's employment history and the current tort committed by the employee." *Dickinson v. Gonzalez,* 839 So. 2d 709, 713 (Fla. 3d DCA 2003) (citing *Island City Flying Serv. v. Gen. Elec. Credit Corp.,* 585 So. 2d 274, 277 (Fla. 1991)); *Watson,* 552 So. 2d at 1149.

As this Court held in the December 18, 2008 Order, "[P]laintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee." *Willis v. Dade County Sch. Bd.,* 411 So. 2d 245, 246 n.1 (Fla. 3d DCA 1982). In the Amended Complaint, Plaintiff alleges that Cruz worked for Defendant for more than two years prior to the incident and suffered from a long history of mental health issues and alcohol dependency, for which he received on-going treatment, including anti-anxiety medication. (Dkt. 16, ¶¶ 25-26). Plaintiff alleges that Defendant

knew of Cruz' mental health condition and his taking of medication during the course of his employment prior to the attack on Plaintiff. (Dkt. 16, ¶ 29).

Nonetheless, Plaintiff fails to allege facts indicating that Cruz' alleged conduct was a foreseeable result of Cruz' alleged mental health condition. Specifically, Plaintiff does not allege that Cruz demonstrated violent propensities or any propensity to attack. *Cf. Island City Flying Serv.*, 585 So. 2d at 276 (noting that negligent retention cases typically involve an employer on notice of an "employee's propensity for violence prior to the time that he committed the tortious assault"). As a result, Plaintiff fails to allege the existence of a duty and proximate cause. Plaintiff's claims for negligent retention is therefore dismissed with prejudice.

### 5. *False imprisonment (Count Five)*

Finally, Plaintiff alleges a claim against Defendant for false imprisonment based on Cruz' alleged attack. Although not captioned at such, Count Five also appears to be based on a theory of vicarious liability, as Cruz is not named as a defendant. The elements of a cause of action for false imprisonment include: (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or "color of authority;" and (4) which is unreasonable and unwarranted under the circumstances. *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So. 2d 1266, 1268-69 (Fla. 4th DCA 2006); *see also Johnson v. Barnes & Noble Booksellers, Inc.*, 437 F.3d 1112, 1116 (11th Cir. 2006).

Defendant argues that Plaintiff has not adequately alleged that he was unable to escape, sufficient to show the first element of an unlawful detention and deprivation of liberty. Plaintiff has, however, alleged facts indicating that he was deprived of movement for at least a period of time when he was forcibly "pushed or thrown to the pavement" and repeatedly struck by Cruz, until

Trujillo informed Cruz that Plaintiff was not one of the robbers. (Dkt. 16, ¶¶ 78, 17-18). Whether this incident, based on its length, manner, and Plaintiff's means of escape, constitutes a deprivation of liberty is not appropriate for disposition at this stage. *See Rivers v. Dillards Dep't Store, Inc.*, 698 So. 2d 1328, 1332-33 (Fla. 1st DCA 1997) (reasonableness of detention may be issue of fact).

Defendant also argues that Plaintiff has not adequately alleged that the tort was committed at the behest of Defendant, sufficient to render it within the scope of his employment. Specifically, Defendant argues that because Trujillo ordered Cruz only to stop the robbers, not Plaintiff, Cruz' conduct was not authorized by Defendant. As discussed with respect to Count II, however, the facts indicate that Cruz was, at least in part, motivated to serve his employer, which is sufficient to allege vicarious liability. *See Columbia By the Sea, Inc.*, 157 So. 2d at 191; *Forster*, 257 So. 2d at 97. Defendant's motion to dismiss Count Five is therefore denied.

## *Conclusion*

Upon consideration, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 21) is **GRANTED IN PART**, to the extent that Counts I and IV are dismissed with prejudice, and is otherwise **DENIED**.

**DONE AND ORDERED** in chambers this 15th day of June, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record